BOUTALL, Judge.
Plaintiff was injured when his vehicle struck a utility pole, allegedly caused by a New Orleans Public Service, Inc. bus which swerved into his lane of traffic. Defendant denies that one of its buses was involved and alternatively that plaintiff was guilty of contributory negligence. The trial judge dismissed plaintiff’s suit without giving reasons. This appeal followed.
The evidence clearly preponderates that a New Orleans Public Service, Inc. bus was involved and that it entered plaintiff’s lane of travel. Plaintiff’s testimony in this regard is supported by an independent witness who lived on the corner at the scene of the accident and who observed the entire event. Thus, the trial court’s judgment can only be supported by the plea of contributory negligence.
The record shows that plaintiff was driving his Mustang on North Robertson Street toward the Industrial Canal Bridge on a dry, clear afternoon at 3:00 P.M. In this area North Robertson Street is a one-way, two-laned street, with a broken white line dividing the lanes. No parking is permitted on either side of the street. The New Orleans Public Service Inc. bus entered No. Robertson from Mazant Street, and proceeded slowly along the right lane of No. Robertson one block to the intersection of No. Robertson with France Street, where it made a right turn into France. Meanwhile plaintiff in the left lane of No. Robertson overtook the bus and reached a point alongside the rear third of the bus. When approximately twenty feet or so from the France intersection, the bus veered slightly left for 2 or 3 feet over the center line, ostensibly to give the driver more room to make the turn into France Street. At this point the plaintiff veered to his left, without braking, tried to cut back to his right, but fishtailed, lost control and struck the utility pole near the corner across France Street.
We believe there is sufficient evidence to support a finding of contributory negligence by speeding, loss of control, or both. The independent witness testified plaintiff was exceeding the speed limit of 30 miles per hour and estimated his speed as much as 40 miles per hour, saying that “I know he was coming along.” Additionally, both this witness and plaintiff testified that plaintiff traversed the entire block between Mazant and France Streets in the same time the bus traversed half of that distance.
On the issue of failure to keep his car under control, plaintiff testified that he veered left and remembered nothing else. The investigating policeman reported that plaintiff told him that when the bus came over “he made an adjustment to the left and as he started to veer back to the right he lost control and struck the pole.” The independent witness corroborates this latter version, describing a swerving or fishtailing motion. The evidence further shows that there was sufficient room between bus and curbing for plaintiff to have passed safely.
We concede that the evidence before us poses some rather close questions as to plaintiff’s negligence, such that a trier of fact who entirely believed plaintiff’s testimony could reach a different result. However, our inquiry is directed to whether *385 there is sufficient evidence to support the judgment of the trial court or whether that judgment is manifestly erroneous.
We find no error in the judgment appealed from and, accordingly, we affirm the judgment at plaintiff-appellant’s costs.
Affirmed.